The reported bankruptcy filings of plaintiff and plaintiff's parent company reveal that the facts have changed drastically since the trial court granted the preliminary injunction against defendant. When defendant previously expressed its concern regarding not receiving adequate assurance about plaintiff's ongoing performance, the trial court responded that defendant was "not totally irrational, but I'm holding that Plaintiff has complied with the contract up to this point, as long as they are paying on the 30 days." In the interim, however, plaintiff became insolvent, and defendant's concern regarding plaintiff's precarious financial condition has proven to be well-founded. Accordingly, I would remand to the trial court in light of the changed factual circumstances. This Court has recognized that " '[a] continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need.' " *First Protestant Reformed Church of Grand Rapids v DeWolf*, 358 Mich 489, 495 (1960), quoting *United States v Swift & Co*, 286 US 106, 114 (1932). "Moreover, an injunction is always subject to modification or dissolution if the facts merit it." *Opal Lake Ass'n v Michaywé Ltd Partnership*, 47 Mich App 354, 367 (1973). Similarly, the United States Court of Appeals for the Sixth Circuit has held that changed factual conditions warrant the modification of an injunction. See *In re Detroit Auto Dealers Ass'n, Inc*, 84 F3d 787, 790 (CA 6, 1996) ("If this case were to be brought in front of the Commission today on the present facts, the previous injunction would not be entered against the petitioners today.") Because the factual circumstances have allegedly changed dramatically in this case, I would allow the trial court to weigh the current situation or to stay the matter depending on the status of proceedings in bankruptcy court.

*In re* BROOKMAN (BROOKMAN V BLEVINS), No. 138816; Court of Appeals No. 287131.

*Leave to Appeal Denied May 27, 2009:*

PEOPLE V WILLIAM HALL, No. 137151. The defendant's motion for relief from judgment is prohibited by MCR 6.502(G). Court of Appeals No. 284785.

PEOPLE V CARL REED, No. 137256; Court of Appeals No. 276849.

PEOPLE V OGDEN, No. 137327; Court of Appeals No. 278372.

PEOPLE V GARY WATKINS, No. 137351; Court of Appeals No. 283745.

PEOPLE V WARLAW-BROWN, No. 137369. The defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). Court of Appeals No. 283276.

PEOPLE V RANDALL DURR, No. 137474; Court of Appeals No. 277877.

GRIEVANCE ADMINISTRATOR V WARREN, No. 137512; ADB: 07-103-GA.

WHITTAKER V WAYNE CIRCUIT JUDGE, No. 137535; Court of Appeals No. 284139.